UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES SCREEN REPAIR, LLC
and JAMES L. CUNNINGHAM, a
Florida limited liability company

      Plaintiffs,

v.                                        Case No: 2:20-cv-844-SPC-NPM

ARROW HANDYMAN "LLC"
and NAPLES SCREEN, LLC,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiffs Naples Screen Repair, LLC and James Cunningham's (collectively, "NSR") Motion to Dismiss (Doc. 36). Defendant Arrow Handyman LLC and Naples Screen, LLC (collectively, "Arrow") failed to respond. Also here is the briefing on NSR's Motion to Strike (Docs. 37; 38).

## BACKGROUND

This is a trademark infringement action. NSR registered the mark "NAPLES SCREEN REPAIR" with the United States Patent and Trademark Office ("USPTO") (the "Federal Mark"). It registered the same mark with the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Florida Division of Corporations (the "State Mark"). Arrow registered websites NSR believes infringe on the Federal and State Marks, so it sued. Arrow answered—asserting a laundry list of affirmative defenses and counterclaims. Now, NSR takes aim at most defenses and a few claims.

## DISCUSSION

There is little to no difference between how courts treat facts for motions under Rules 12(b)(6) and (f). *E.g.*, *Willis v. Arp*, 165 F. Supp. 3d 1357, 1365 (M.D. Fla. 2016). So the Court accepts the well-pled allegations as true and views them most favorably to Arrow. *See Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir. 2021). The Court takes each Motion in turn.

### A. Motion to Dismiss

To start, NSR moves to dismiss two of Arrow's counterclaims. Because Arrow didn't respond, the Court grants the Motion on that basis. Local Rule 3.01(c) ("[A] party may respond to a motion to dismiss . . . within twenty-one days . . . . If a party fails to timely respond, the motion is subject to treatment as unopposed."); *see also Accident Ins. v. V&A Drywall & Stucco, Inc.*, No. 2:20-cv-407-SPC-MRM, 2021 WL 1338768, at *2 (M.D. Fla. Apr. 9, 2021). On the merits, the answer is the same.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For fraud, however, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 901-02 (11th Cir. 2020) (applying Rule 9(b) to Lanham Act claims). Here is what a pleading must allege:

> (1) precisely what statements were made in what documents or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) each statement; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins.*, 945 F.3d 1150, 1159 (11th Cir. 2019) (cleaned up).

Counterclaim 1 alleges NSR committed fraud on the USPTO when registering the Federal Mark. So Arrow wants to cancel it.

"At any time, a party may petition to cancel a registered mark on the ground that the registration was procedure by fraud." *Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and of Malta v. Fla. Priory of the Knights Hospitallers of the Sovereign Order of Saint John of*

3

*Jerusalem*, 702 F.3d 1279, 1289 (11th Cir. 2012); 15 U.S.C. § 1064(3). "Fraud in obtaining a trademark occurs 'when an applicant knowingly makes false, material representations of fact in connection with an application' or in a verified declaration." *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1277 (M.D. Fla. 2015) (quoting *Metro Traffic Control, Inc. v. Shadow Network, Inc.*, 104 F.3d 336, 340 (Fed. Cir. 1997)). Such a claim has five elements: "(1) The challenged statement was a *false* representation regarding a *material* fact. (2) The person making the representation *knew* that the representation was false ('scienter'). (3) An *intent to deceive* the USPTO. (4) Reasonable *reliance* on the misrepresentation. (5) *Damage* proximately resulting from such reliance." *Church Girls, LLC v. Rodgers*, No. 2:18-CV-14232-ROSENBERG/MAYNARD, 2018 WL 5923436, at *2 (S.D. Fla. Nov. 13, 2018) (cleaned up).

"The party seeking cancellation on the basis of fraud must prove its claim by clear and convincing evidence." *Hospitallers*, 702 F.3d at 1289. "This is necessarily a heavy burden, and any doubt must be resolved against the charging party." *Id.* (cleaned up).

As NSR contends, the allegations fall short of what's required to plead Counterclaim 1 with particularity. Arrow alleges NSR's failure to disclaim the word "Naples" from the Federal Mark was fraudulent without the necessary specific facts in support. That is not good enough to meet its burden to allege

4

this fraud. See *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 241 F. Supp. 3d 461, 480-81 (S.D.N.Y. 2017). Even if there were facts pled with particularity, NSR convincingly argues Arrow's theory for Counterclaim 1 has legal flaws. NSR contends failing to disclaim a term is not by itself fraudulent. *See Caribbean Weddings, Inc. v. Caribbean Wedding Assoc.*, No. 08-61457-CIV-DIMITROULEAS, 2009 WL 10667630, at *4 (S.D. Fla. Sept. 8, 2009) ("[T]here is no duty by a trademark registration applicant to provide a disclaimer—it is within the USPTO's discretion to require a disclaimer."); *Quality Serv. Grp. v. LJMJR Corp.*, 831 F. Supp. 2d 705, 711 (S.D.N.Y. 2011).[2] And Arrow did not help its cause by not responding. What's more, to the extent that Arrow alleges fraud for representing the Federal Mark is distinctive or acquired secondary distinctiveness, those allegations don't have support to satisfy Rule 9(b).

Thus, the Court dismisses Counterclaim 1. But Arrow will get a chance to amend (if doing so complies with Rule 11). *See Around the Clock A/C Serv., LLC v. Proquest, Inc.*, No. 2:20-cv-304-FtM-29NPM, 2020 WL 6273700, at *3 (M.D. Fla. Oct. 26, 2020).

---

[2] *See also Alyn v. S. Land Co.*, No. 3:15-cv-00596, 2016 WL 7451546, at *6-8 (M.D. Tenn. Dec. 28, 2016); *Cherokee Inc. v. Wilson Sporting Goods Co.*, No. CV 15-04023 BRO (Ex), 2015 WL 3930041, at *5 (C.D. Cal. June 25, 2015); J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 31:69 (5th ed. 2021); Scott D. Locke, *The Trademark Disclaimer Provision of the Lanham Act: Is USPTO Flexibility Worth Litigant Ambiguity*, 17 J. Marshall Rev. Intell. Prop. L. 305, 321-22 (2018).

Likewise, Counterclaim 4 alleges NSR committed fraud when registering the State Mark. So Arrow wants to cancel it. Rather than failure to disclaim "Naples," this claim challenges NSR's failure to disclaim "screen" and "repair" (or a combination of the two) as fraudulent.

The "registration of a trademark in Florida may be cancelled by a court order." *Noveshen v. Bridgewater Assocs., LP*, 47 F. Supp. 3d 1367, 1373 (S.D. Fla. 2014); Fla. Stat. § 495.101. And "Florida trademark law should be interpreted consistently with the federal trademark law." *Noveshen*, 47 F. Supp. 3d at 1373; Fla. Stat. § 495.181.

Like above, Arrow's mere allegation of failure to disclaim screen and repair do not plead fraud with particularity. *See Proquest*, 2020 WL 6273700, at *3; *see also Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 652-53 (11th Cir. 2007) (noting "the analysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim" (citation omitted)). So the Court dismisses with leave to amend.

**B. Motion to Strike**

Next, NSR moves to strike twelve of Arrow's thirteen affirmative defenses. Unsurprisingly, Arrow opposes.

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (cleaned up); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2021) (collecting cases). Striking pleadings is a drastic, disfavored remedy. *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017).

"Even so, an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019) (cleaned up). Affirmative defenses are legally insufficient if "patently frivolous" or "clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). As for allegations, courts are split on whether *Twiqbal* applies to affirmative defenses. *E.g.*, *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 317-18 (S.D. Fla. 2018). At any rate, defendant must at least "give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (citation omitted).

NSR moves to strike Affirmative Defenses 1, 2, 4, 6, 12, and 13. Those are all affirmative defenses enumerated by statute. 15 U.S.C. § 1115(b); *see*

*also* *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 114 (2004). And Arrow provided basic facts to support them. On a motion to strike, there's no need to settle factual disputes or decide substantial, disputed issues of law without a showing of prejudice. *E.g.*, *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2 862, 868 (5th Cir. 1962).[3] So the Motion is denied as to those Affirmative Defenses. For the same reason, the Court denies the Motion as it relates to Affirmative Defense 3 (the mark is generic). Some courts consider this an affirmative defense. *Pods Enters., Inc. v. U-Haul Int'l, Inc.*, No. 8:12-cv-01479-T-27MAP, 2015 WL 1097374, at *2-3 (M.D. Fla. Mar. 11, 2015).[4] And Arrow pled facts in support. Even if any of these were not defenses, the Court simply treats them as denials and will not strike as NSR showed no prejudice. *See SEC v. Spartan Sec. Grp., Ltd.*, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477, at *3 (M.D. Fla. July 24, 2019).

NSR moves to strike Affirmative Defense 9 (innocent infringement). This is not an affirmative defense to infringement. *Pk Studios, Inc. v. R.L.R.*

---

[3] *See also Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019); *Bush v. Barnett Bank of Pinellas Cnty.*, 916 F. Supp. 1244, 1249 (M.D. Fla. 1996); *Sai Hosp. Mgmt. Co. v. Rockhill Ins.*, No. 2:20-cv-00280-JLB-MRM, 2021 WL 463812, at *1 (M.D. Fla. Feb. 9, 2021); *O'Reilly v. Home Servs. by McCue of N. Fla. Inc.*, No. 3:17-cv-592-J-34JBT, 2017 WL 10924458, at *1 (M.D. Fla. Oct. 26, 2017).

[4] *See also Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 1:16–cv–20683–MORENO/O'SULLIVAN, 2017 WL 2895921, at *12-13 (S.D. Fla. Apr. 13, 2017); *Badia Spices, Inc. v. Gel Spice Co.*, No. 15-24391-Civ-COOKE/TORRES, 2017 WL 2082794, at *2 (S.D. Fla. May 15, 2017).

*Invs., LLC*, No. 2:15-cv-389-FtM-99CM, 2016 WL 4529323, at *4 (M.D. Fla. Aug. 30, 2016). But courts are divided on whether innocent infringement is an affirmative defense to limit statutory damages. *K. Hansotia & Co. v. Einalem LLC*, No. 0:19-cv-60191-UU, 2019 WL 7708241, at *3 (S.D. Fla. May 13, 2019). The Court will not resolve substantial, disputed questions of law on a motion to strike when the movant identifies no prejudice. *Augustus*, 306 F.2d at 868. So the Motion is denied as to Affirmative Defense 9.

NSR wants Affirmative Defenses 5, 10, and 11 struck. According to NSR, these defenses will fail given the *Noerr-Pennington* Doctrine. *See PODS Enters., Inc. v. ABF Freight Sys., Inc.*, No. 8:11-cv-84-T-33MAP, 2011 WL 4948397, at *3-7 (M.D. Fla. Oct. 17, 2011). Yet the allegations (particularly for Affirmative Defense 5) might trigger an exception to *Noerr-Pennington*. *See SilverHorse Racing, LLC v. Ford Motor Co.*, No. 6:16-cv-53-Orl-22KRS, 2016 WL 7137273, at *2-4 (M.D. Fla. Apr. 27, 2016). Again, this Court will not resolve substantial, disputed questions of law or fact on a motion to strike. *Augustus*, 306 F.2d at 868. So the Motion is denied for Affirmative Defenses 5, 10, and 11. Any application of *Noerr-Pennington* is left for a later stage.

Finally, NSR seeks to strike Affirmative Defense 8 (standing). "Lack of standing is not an affirmative defense, but rather is a matter implicating the court's subject matter jurisdiction." *ZSR Patlatici Sanayi A.S. v. Sarac Distributors LLC*, No. 2:19-cv-864-FtM-38MRM, 2020 WL 3895709, at *4 (M.D.

Fla. July 10, 2020). Unlike above (where the Court alternatively treated nonaffirmative defenses as denials), this goes to jurisdiction. If there is doubt as to standing, the parties must address that immediately. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). So the Court strikes Affirmative Defense 8—allowing the parties to tackle standing as soon as possible. The Court does not expect assistance will be needed to resolve that question. If counsel confer in good faith, they should be able to agree whether Cunningham (NSR's owner) has standing and how to proceed.

Accordingly, it is now **ORDERED:**

(1) Plaintiffs' Motion to Dismiss (Doc. 36) is **GRANTED**.

    a. Counterclaims 1 and 4 are **DISMISSED without prejudice**.

(2) Plaintiffs' Motion to Strike (Doc. 37) is **GRANTED in part**.

    a. The Court **STRIKES** Affirmative Defense 8.

    b. The Court **DENIES** the balance of the Motion.

(3) Defendant must **FILE** an amended answer **on or before May 24, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 10, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record